# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WILHELMINA E. HOWARD, | ) |
| Plaintiff, | ) |
| | ) Case No.: 2:14-cv-01211-GMN-GWF |
| vs. | ) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) **ORDER** |
| Defendant. | ) |

Pending before the Court for consideration is a Motion to Remand, (ECF No. 16), filed by Plaintiff Wilhelmina E. Howard ("Plaintiff") and the Cross-Motion to Affirm, (ECF No. 17), filed by Defendant Nancy A. Berryhill[1] ("Defendant" or "the Commissioner"). These motions were referred to the Honorable George Foley, United States Magistrate Judge, for a report of findings and recommendations pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C). In the Report and Recommendation ("R&R"), (ECF No. 21), Judge Foley recommended that Plaintiff's Motion to Remand be granted. The Commissioner filed an Objection, (ECF No. 24), and Plaintiff filed a Response, (ECF No. 25).

I.  **BACKGROUND**

Plaintiff brings this action against Defendant in her capacity as the Commissioner of the Social Security Administration, pursuant the Social Security Act, 42 U.S.C. § 405(g). (Compl., ECF No. 1). Plaintiff seeks judicial review of a final decision of the Commissioner of the

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

Page 1 of 9

Social Security Administration denying her claims for social security disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–403. (*Id.* ¶ 9).

Plaintiff applied for disability insurance benefits on November 18, 2010, which were denied initially, upon reconsideration, and after a hearing before an Administrative Law Judge ("ALJ") on November 28, 2012. (Mot. for Remand 3:7–10, ECF No. 16). Plaintiff timely requested Appeals Council review of the ALJ's decision, which was denied on February 14, 2014. (*Id.* 3:13–15). Plaintiff then filed his Complaint and the instant Motion in this Court.

## II. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); D. Nev. Local R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. Local R. IB 3-2(b).

## III. DISCUSSION

The Commissioner challenges Judge Foley's finding that the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's credibility. The Commissioner also challenges the finding that the ALJ failed to provide germane reasons for rejecting the testimony of Plaintiff's friends. Lastly, the Commissioner challenges the finding that the ALJ failed to provide legitimate reasons, supported by substantial evidence in the record, to reject Plaintiff's treating physician's assessment on Plaintiff's functional capacity. The Court addresses the Commissioner's objections in turn.

### 1. Credibility Determination

In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d

586, 591 (9th Cir. 2009). First, the ALJ must determine whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). If the claimant has presented such evidence, and there is no evidence of malingering, then the ALJ must give "specific, clear and convincing reasons" in order to reject the claimant's testimony about the severity of the symptoms. *Id.* (*quoting Lingenfelter*, 504 F.3d at 1036). In this case, the ALJ found that Plaintiff's "medically determinable impairment could reasonably be expected to produce some symptoms." (A.R. at 25, ECF No. 15). The question, therefore, turns on whether the ALJ satisfied the second prong of the analysis.

In the underlying proceeding, the ALJ found that the objective medical evidence did not corroborate Plaintiff's allegations about the nature and severity of her symptoms. Specifically, the ALJ noted that "there [were] no clinical findings of significant sensory/motor deficits, diminished motion in multiple joints, disuse atrophy, abnormalities of gait, or other physical abnormalities consistent with the extreme allegations of [Plaintiff]." (A.R. at 25). An ALJ is permitted to look at inconsistencies between a claimant's subjective representations and the objective medical evidence; however, such inconsistencies cannot be the sole ground for discrediting a claimant. *See Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Here, Judge Foley concluded that "[i]n view of the record as a whole, the ALJ failed to provide clear and convincing reasons to reject the credibility of Plaintiff's statements and testimony regarding the severity of her symptoms." (R&R 23:25–26).

### a) Specific Objections to the R&R

In the R&R, Judge Foley found that the ALJ erred by discrediting Plaintiff for discontinuing her physical therapy without considering her reasoning. (R&R 22:17–23). The Commissioner argues that Judge Foley missed the "underlying premise" of the ALJ's analysis,

which is that conservative treatment lessened Plaintiff's symptoms. (Obj. 6:9–13, ECF No. 24). The Court disagrees. The ALJ specifically found that "despite complaints of disabling symptoms, which significantly hindered her functional abilities, the claimant quit physical therapy." (A.R. at 26). According to Plaintiff, however, she stopped going to physical therapy because the hour long drive home was uncomfortable, and she felt that the benefits did not outweigh the additional pain of the drive. (*Id.* at 45). By addressing this credibility factor without considering the full context, the ALJ failed to provide a "specific, clear and convincing reason" for discrediting Plaintiff. *See Vasquez*, 572 F.3d at 591.

Judge Foley also found that the ALJ erred by discrediting Plaintiff based on her daily activities, stating that "[the] limited activities . . . do not contradict Plaintiff's assertions of severe pain and/or restrictions." (R&R 22:24–25). The Commissioner argues that the ALJ properly considered Plaintiff's activity as inconsistent with her allegations of disability. (*See* Obj. 7:21–24). In general, an ALJ may consider a claimant's daily activities in determining credibility. *See* 20 C.F.R. §§ 404.1529(a), (c)(3)(i) (activities of daily living are relevant to the credibility determination); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). However, the "mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability." *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 1991). For example, a plaintiff may choose to engage in daily activities *despite* pain, but that does not necessarily mean she could concentrate on work despite the pain or else engage in similar activities for a longer period of time. *Id.*

Here, the ALJ did not provide any nexus between Plaintiff's daily activities and her alleged pain or inability to perform work. Rather, the ALJ discredited Plaintiff based on the objective medical record. (A.R. at 24). As stated above, inconsistencies between subjective representations and the objective medical evidence cannot be the sole basis for discrediting a

Plaintiff. *See Smolen*, 80 F.3d at 1279. To the extent the ALJ found Plaintiff's daily activities inconsistent with her own subjective representations, the ALJ failed to provide specific, clear and convincing reasons to support such a finding. *See Vasquez*, 572 F.3d at 591.

Judge Foley further found that the ALJ erred by discrediting Plaintiff based on isolated excerpts from the record concerning treatment of Plaintiff's symptoms. (R&R 22:10–16). Specifically, Judge Foley found that the ALJ overstated the effectiveness of treatment, as the record demonstrated that medications afforded Plaintiff only mild or moderate improvement and did not alleviate Plaintiff's symptoms. (*Id.*). The Commissioner objects to this finding, arguing that "the Magistrate Judge's responsibility was not to reach his own factual conclusions about the nature of Plaintiff's improvement with treatment, but to find whether there were reasonable bases for the ALJ's credibility finding." (Obj. 6:20–22). While the Commissioner is correct that the function of the Court on review is not to "reinterpret" the evidence, the Court must still determine whether the ALJ's finding is supported by substantial evidence. *See Smolen*, 80 F.3d at 1279.

Here, Judge Foley found that the ALJ's reasoning was only "partly valid" because the record as a whole belies the ALJ's finding as to the extent that treatment alleviated Plaintiff's symptoms. *Walker v. Mathews*, 546 F.2d 814, 818 (9th Cir. 1976) ("In applying the substantial evidence test [the Court is] obligated to look at the record as a whole and not merely at the evidence tending to support a finding."). In the context of fibromyalgia, analyzing the complete record is especially important because of the waxing and waning nature of its symptoms. *See* Social Security Ruling 12-2p ("[T]he symptoms and signs of [fibromyalgia] may vary in severity over time and may even be absent on some days . . ."). Upon review, the Court agrees with Judge Foley's analysis and rejects the Commissioner's contention that the Magistrate Judge improperly reinterpreted the evidence.

Lastly, Judge Foley found that the ALJ erred by discrediting Plaintiff based on certain inconsistencies in the record. (R&R 23:4–25). In particular, Judge Foley noted that the ALJ failed to fully develop the record as to some of Plaintiff's ambiguous statements. (*Id.*). With respect to the inconsistencies that the ALJ did properly consider, Judge Foley found such inconsistencies too minor to support discrediting Plaintiff. (*Id.*). The Commissioner objects to these findings, arguing that the Magistrate Judge's mere disagreement with the ALJ's interpretation of the evidence is not a basis for reversal. (*See* Obj. 8:24–25). As explained above, the Court rejects the Commissioner's contention that the Magistrate Judge improperly reinterpreted the evidence. To the contrary, the relevant standard for the Court is whether the ALJ provided "specific, clear and *convincing* reason[s]" for discrediting Plaintiff. *See Vasquez*, 572 F.3d at 591 (emphasis added). Accordingly, Judge Foley did not err in finding that the inconsistencies in the record were minor and therefore unconvincing as a basis to discredit the Plaintiff.

The Commissioner also argues that the ALJ had no obligation to question the Plaintiff regarding inconstancies in her testimony. (*See* Obj. 9:4–5). Specifically, the Commissioner objects to Judge Foley's finding that the ALJ should have questioned Plaintiff about her failure to disclose prior illegal substance abuse to the consultative examiner, Dr. Cabaluna. (*See* R&R 23:17–18). The Court agrees that Ninth Circuit precedent does not necessarily require the ALJ to inquire about inconsistencies in the written record and oral testimony. Nonetheless, the ALJ has "a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001) (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)). Given the significance that the ALJ placed on this credibility factor, it is likely that the ALJ should have developed the record more fully during the hearing. Regardless, based on the errors discussed above, the Court agrees with the R&R that "[i]n view of the record as a whole, the ALJ failed to provide clear

and convincing reasons to reject the credibility of Plaintiff's statements and testimony regarding the severity of her symptoms." (R&R 23:25–26).

### 2. Testimony of Plaintiff's Friends

In the R&R, Judge Foley found that the ALJ failed to provide germane reasons for rejecting the testimony of Plaintiff's friends. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) (stating that "[i]f the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness."). The ALJ discredited Plaintiff's friends based on two reasons: (1) their testimony was inconsistent with the objective medical record; and (2) they may have had incentive to endorse her application due to their personal relationship with Plaintiff. (A.R. at 25). The Commissioner argues that these two reasons constitute germane reasons for discrediting Plaintiff's friends. (Obj. 11:1–14). In support of this argument, the Commissioner cites to two Ninth Circuit cases. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (stating that inconsistency with medical evidence can constitute a germane reason for discrediting a lay witness); *see Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (finding that the ALJ properly considered the close relationship of a witness as a germane factor in addition to inconsistencies with the medical record).

Unlike the above cited cases, however, the ALJ here provided insufficient context to make the cited reasons "germane" to Plaintiff's friends. Notably, beyond conclusory assertions, the ALJ failed to explain how the objective medical record warranted summarily discrediting the friends' testimony (e.g. testimony regarding Plaintiff's character, work ethic, demeanor, etc.). Rather, the ALJ predominantly linked the friends' credibility determination with the analysis of Plaintiff's own credibility. In doing so, the ALJ's analysis of the friends' credibility is subject to the same shortcomings as detailed above, and therefore the Court rejects the Commissioner's argument.

### 3. Opinion of Treating Physician

Judge Foley found that the ALJ failed to articulate a reasonable basis for discrediting the opinion of Dr. Davey, Plaintiff's treating physician. (R&R 25:9–10). The Commissioner objects to this finding, arguing that the ALJ properly discredited Dr. Davey because his opinion "was not accompanied by actual examination findings" and was unsupported by the objective medical record. (Obj. 12:19–13:15). In general, an ALJ should give more weight to the opinions of a treating physician than to those of an examining or reviewing physician. 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(1); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). However, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002*)*; *see also Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) ("[T]he regulations give more weight to opinions that are explained than to those that are not.").

Here, the ALJ justifiably found that Dr. Davey's opinion regarding Plaintiff's ability to perform work was conclusory and inadequately supported by clinical findings. Notably, Dr. Davey's report predominantly consisted of "check box" conclusions without any explanation for how Dr. Davey arrived at those conclusions. (*See* A.R. at 321). The ALJ further noted that Dr. Davey's report relied largely on Plaintiff's subjective representations, rather than objective medical evidence. (*Id.* at 24). Based on these considerations, the ALJ afforded greater weight to the contrary opinions of Plaintiff's examining physicians, stating that their opinions were more consistent with the medical and treatment record. (*Id.*); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record."). Upon review, the Court finds that the ALJ provided specific and legitimate reasons for discrediting Dr. Davey's opinion, and the decision was

supported by substantial evidence in the record. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195–97 (9th Cir. 2004) (finding that an ALJ properly rejected opinions from the claimant's treating physicians because they were in the form of a checklist, lacked supporting objective evidence, and were contradicted by other statements and assessments of the claimant's medical condition). The Court therefore departs from the R&R in this respect.

## IV. CONCLUSION

Having reviewed the Commissioner's objections *de novo,* the Court accepts and adopts Judge Foley's findings and recommendations with respect to the ALJ's credibility determination for Plaintiff and Plaintiff's friends. The Court departs from the R&R with respect to the ALJ's weight of Dr. Davey's opinion. Furthermore, in light of the above findings and administrative record as a whole, the Court finds that serious doubt remains as to whether Plaintiff is disabled. *See Garrison v. Colvin*, 759 F.3d 995, 1020–21 (9th Cir. 2014).

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 21), is accepted and adopted to the extent that it is not inconsistent with this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand, (ECF No. 16), is **GRANTED** consistent with the foregoing, and Defendant's Cross-Motion to Affirm, (ECF No. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is remanded to the Social Security Administration for further proceedings.

The Clerk of Court is instructed to close the case.

**DATED** this \_\_30\_\_ day of October, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge